**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**WILLIE GUERRERO,**

> **Petitioner,**

**vs.**                                                        **Case No. 4:12cv625-RH/CAS**

**JULIE L. JONES,**[1]

> **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On December 3, 2012, Petitioner Willie Guerrero, proceeding pro se, filed a

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  On September

6, 2013, Respondent filed an answer, with exhibits.  Doc. 16.  Petitioner filed a reply on

September 26, 2013.  Doc. 17.

The matter was referred to the undersigned United States Magistrate Judge for

report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida

Local Rule 72.2(B).  After careful consideration of all issues raised, the undersigned has

determined that no evidentiary hearing is required for disposition of this matter.  _See_

---

[1]The Clerk of Court shall substitute Julie L. Jones as Secretary of the Florida
Department of Corrections in place of Michael D. Crews.  Julie Jones became Secretary
on January 5, 2015, and shall be automatically substituted pursuant to Federal Rule of
Civil Procedure 25(d).

Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.  For the reasons stated herein, the

pleadings and attachments before the Court show that Petitioner is not entitled to

federal habeas relief, and the § 2254 petition should be denied.

## State Court Proceedings

By information filed November 30, 2010, in the Second Judicial Circuit, Jefferson

County, in case number 10-190-CFA, the State of Florida charged Petitioner Willie

Guerrero with two counts, in connection with events that took place on or about

September 18, 2010: (1) possession of contraband at a state correctional institution, a

second degree felony, in violation of section 944.47, Florida Statutes; and (2) criminal

solicitation, a first degree misdemeanor, in violation of section 777.04(4)(f), Florida

Statutes.  Doc. 16 Ex. A.  On March 21, 2011, Guerrero entered a no contest plea.  *Id.*

Ex. C at 2.  In accordance with the plea agreement, in a judgment and sentence

rendered that same day, the state trial court accepted the plea, adjudicated Guerrero

guilty, and sentenced him to twenty-five (25) months in prison on Count 1, consecutive

to any sentence he may currently be serving.  *Id.* at 2, 6-7; *see id.* Ex. B.  Guerrero did

not appeal.

On August 30, 2011, Guerrero filed a motion for post-conviction relief pursuant to

Florida Rule of Criminal Procedure 3.850, alleging ineffective assistance of counsel for

not objecting to the lack of a factual basis and erroneously advising him to enter a no

contest plea.  Doc. 16 Ex. D.  In an order rendered June 12, 2012, the state post-

conviction trial court denied the motion, citing Strickland v. Washington, and finding

Guerrero's claims conclusively refuted by the record:

Alleging that there was no factual basis for the charge of possession of contraband at state correctional institution, Defendant claims counsel was ineffective for failing to move to dismiss the charge, for failing to object to the lack of a factual basis for the plea, and for erroneously advising Defendant to enter a plea to a "baseless, unfounded" charge.  These claims are conclusively refuted by the record.

Defense counsel stipulated to a factual basis for the plea.  *Exh. 1 - 3/21/11 Plea & Sentence Trans., p. 6.*  The factual basis is supported by the Affidavit-Complaint prepared by the DOC Office of the Inspector General filed in the Court file.  *Exh. 2 - Affidavit-Complaint.*  The factual basis is further supported by the detailed narrative provided in the DOC Office of the Inspector General Report of Investigation attached to Defendant's motion.  *Exh. 3 - Report of Investigation.*  The report outlines the extensive monitoring of legally recorded phone calls in which Defendant made plans with his girlfriend for her to bring drugs and other items to the prison while visiting him; she was then intercepted during her visit while carrying the drugs, and a search of her hotel room revealed more drugs and cell phones.  *Id.*

As to Defendant's vague and somewhat nonsensical allegations of double jeopardy and lack of probable cause, and that he could not be convicted as a principal, when Defendant entered his plea, he waived his right to have counsel investigate the case further or put forward any defenses, and also agreed not to contest the evidence against him.  *Exh. 4 - Plea & Acknowledgment of Rights; Exh. 1 at 3-6.*

*Id.*  The court concluded that Guerrero had not established deficient performance and, therefore, defense counsel was not ineffective.  *Id.*

Guerrero appealed the denial of his Rule 3.850 motion to the First DCA, and he filed a brief in the case, assigned number 1D12-3369.  *Id.* Ex. F.  The First DCA affirmed the case per curiam without a written opinion on October 15, 2012.  *Id.* Ex. G. The mandate issued on November 13, 2012.  *Id.* Ex. H.

As indicated above, on September 22, 2012, Guerrero filed his § 2254 petition in this Court.  Doc. 1.  Guerrero raises the following:

"Trial court and district court failed to grant relief on a due process
violation, therefore causing Petitioner's custody to be in violation of the
Constitution," where "nothing in the record . . . refutes Petitioner's claim
that he understood that he was waiving 'certain rights' and counsel
explained what those rights were" and "counsel's deficiencies lead to
ineffectiveness," where counsel "failed to protect Petitioner's due process
right by stipulating with no factual basis to support his stipulation." *Id.* at 4.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective

Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for

persons in state custody.  Section 2254(d) provides, in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted with respect
to any claim that was adjudicated on the merits in State court proceedings
unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the State
court proceeding.

28 U.S.C. § 2254(d).  *See* Williams v. Taylor, 529 U.S. 362 (2000); Gill v. Mecusker,

633 F.3d 1272 (11th Cir. 2011).

If a state prisoner's habeas petition "includes a claim that has been 'adjudicated

on the merits in State court proceedings,' § 2254(d), an additional restriction applies."

Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011).  The federal court may not grant

relief unless the state court's adjudication of the claim:  (1) resulted in a decision that

was contrary to, or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).   "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'"  Cullen, 131 S.Ct. at 1398 (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).  This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits."  Cullen, 131 S.Ct. at 1388.

        For federal habeas purposes, a nolo contendere plea is treated the same as a guilty plea.  See North Carolina v. Alford, 400 U.S. 25, 35-37 (1970); see also, e.g., Florida v. Royer, 460 U.S. 491, 495 n.5 (1983) (noting that, under Florida law, "a plea of nolo contendere is equivalent to a plea of guilty").   "If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'"  Tollett v. Henderson, 411 U.S. 258, 266 (1973) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)); see, e.g., Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) ("A knowing and voluntary guilty plea waives all constitutional challenges to a conviction.").  A defendant who enters a plea may not raise claims relating to alleged deprivations of constitutional rights that occurred prior to entry of the plea, but rather such a defendant may only attack the voluntariness of the plea by showing counsel's advice fell below the McMann standard:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standard set forth in McMann.

Tollett, 411 U.S. at 267.  The U.S. Supreme Court has further explained:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.  Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.  If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

United States v. Broce, 488 U.S. 563, 569 (1989); see Mabry v. Johnson, 467 U.S. 504, 508 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."); Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").  The Court indicated exceptions to this general rule exist "where on the face of the record the court had no power to inter the conviction or impose the sentence."  Broce, 488 U.S. at 569.

In this case, Petitioner Guerrero asserts the same argument in his § 2254 petition that he raised in the state court, in his Rule 3.850 motion and the appeal from the denial of that motion. *See* Doc. 1 at 4-5. In particular, he argues his trial counsel was ineffective for failing to protect his due process rights because no factual basis was established in the record to support his plea. *See id.*; *see* Doc. 16 Exs. D, F.

As Respondent indicates, and as the state post-conviction trial court found, the record refutes Guerrero's claim. *See* Doc. 16 at 20-23. The transcript of the plea hearing and the plea agreement itself support the state post-conviction trial court's findings and determination that Guerrero's claim lacks merit.

Specifically, at the plea hearing, the terms of the plea were reviewed, and Guerrero had already signed the written agreement. Doc. 16 Ex. C. The following transpired:

> THE COURT: And you are – you can put your hand down. You are Willie Guerrero?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Your date of birth is May 1, 1978?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Mr. Guerrero, you are before me charged with possession of contraband in a State Correctional facility and criminal solicitation. The first is a fifteen year felony. The second is a one year jail sentence. You have the absolute right to take those cases to trial, to require the State to come in and prove the charges beyond and to the exclusion of every reasonable doubt and for you to undertake such defense as you deem appropriate to your case. And it's my understanding that you want to waive that right. Is that correct?
>
> THE DEFENDANT: Yes, sir.

THE COURT: Are you under the influence of any drugs, alcohol or medication today that causes you to not be able to think clearly?

THE DEFENDANT: No, sir.

THE COURT: I have a plea and acknowledgment of rights form that's been given to me by your lawyer.  It has pre-printed rights and responsibilities on the front page and the second page, and also has handwritten provisions on both pages.  Did you get a chance to discuss that with your lawyer?

THE DEFENDANT: Yes, sir.

THE COURT: Did he answer any questions you might have about it?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that by virtue of the entry of this plea you're giving up your right to a trial by jury and you're also giving up your right to appeal the guilt or innocence phase of this case?

THE DEFENDANT: Yes, sir.

THE COURT: Now what this says is that you're going to be adjudicated guilty, which means you will be a convicted felon, if not already.  You're going to do 25 months in the Department of Corrections.  That's going to be consecutive to any sentence that you may be serving. . . .

. . . .

THE COURT: Anybody promised you anything other than what I read?

THE DEFENDANT: No, sir.

THE COURT: Anybody threatened you or coerced you in any way to get you to sign this plea form?

THE DEFENDANT: No, sir.

THE COURT: And is that your signature right there?

THE DEFENDANT: Yes, sir.

THE COURT: Did it freely and voluntarily?

THE DEFENDANT: Yes, sir.

THE COURT: All right.  I believe Mr. Guerrero understands the consequences of the pleas, the rights he is retaining, the rights he's giving up after advice of competent counsel.  Do we have a stipulated factual basis?

MR. HIGGINS [defense counsel]: Your Honor, we stipulate.

THE COURT: All right.  Based upon that, any reason not to impose sentence?

MR. HIGGINS: No, Your Honor.

*Id.* at 20-23.

In addition, in the written plea, Guerrero entered pleas of no contest to the charges with the understanding that he would be sentenced to 25 months in Department of Corrections.  Doc. 16 Ex. E at 55.  The written plea also contains the following:

I ask the Court to accept this plea.  I state and swear that I understand the following:

(1) I must answer all the Judge's questions truthfully. If I make a false statement while under oath, I could be prosecuted for perjury.

(2) A plea of guilty admits my guilt.  <u>A plea of no contest means that I do not contest the state's evidence.  My plea of guilty or no contest means there will be no trial, and no further investigation, discovery, or pretrial motions.  I will proceed to a sentencing which ends the case.</u>

(3)  I know the maximum and minimum penalties and nature of my charges.  My lawyer has told me the facts the State would have to prove before I could be found guilty.  I discussed with my lawyer any possible defenses.  There are no alibi or defense witnesses my lawyer has refused to investigate.  <u>I am fully satisfied with my lawyer's services</u>.

(4)  I give up my right to a trial, my right to require the State to prove the charge(s) beyond a reasonable doubt, my right to have a jury decide whether I am guilty or not guilty of the main charge(s) or any lesser offenses, my right to see and hear the witnesses against me, my right to have my lawyer question them, my right to subpoena witnesses for my case and to present my evidence or my defenses, and my right to testify or remain silent as I choose.  If I testify at trial, generally, the State cannot ask me about the nature of my prior offenses, but they can ask the number of my prior convictions for felonies and crimes of dishonesty.

(5)  I give up the right to take a direct appeal of all matters, including my guilt or innocence, unless I have reserved this right in my plea terms or as stated in open court.

. . . .

(9)  I am not under the influence of drugs or alcohol.  No one forced or threatened me to enter this plea.  There is no promise made to me by the Judge, the State, or my lawyer, that is not on this form or stated in open court.  I enter this plea freely and voluntarily.  I feel this plea is in my best interests, even if I maintain my innocence by a no contest plea.

(10) I have read this form, front and back, and I understand each paragraph and all the terms.

*Id.* at 55-56 (emphasis added).

Further, concerning Guerrero's particular argument that defense counsel rendered ineffective assistance by stipulating to a factual basis, as the state post-conviction trial court found, the factual basis is supported by the Affidavit-Complaint prepared by the Florida Department of Corrections (DOC) Office of the Inspector General, contained in that court's file.  Doc. 16 Ex. E at 39 (Exh. 2).  The factual basis is also supported by the detailed narrative contained in the Florida DOC Office of the Inspector General Report of Investigation, which Guerreo had attached to his Rule 3.850 motion.  *Id.* at 41-54 (Exh. 3); *see id.* Ex. D.  As the state court explained, "[t]he

report outlines the extensive monitoring of legally recorded phone calls in which Defendant made plans with his girlfriend for her to bring drugs and other items to the prison while visiting him; she was then intercepted during her visit while carrying the drugs, and a search of her hotel room revealed more drugs and cell phones." Doc. 16 Ex. E at 33.

Guerrero entered his nolo contendere plea knowingly and willfully with the advice of counsel. Guerrero's signature on the plea form and statements at the plea hearing indicate that, among other things, he understood he was waiving the right to proceed to trial and have the State present evidence against him, he was satisfied with his attorney and he believed the plea was in his best interest. It was not unreasonable for the state post-conviction trial court to conclude that defense counsel's performance was not deficient. The state court's adjudication of Guerrero's claim did not involve an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts. Under the double deferential review this Court applies to a Strickland claim evaluated pursuant to the § 2254(d)(1) standard, Guerrero's claim fails. *See* Blackledge, 431 U.S. at 73-74.

## Conclusion

Based on the foregoing, Petitioner Willie Guerrero is not entitled to federal habeas relief. The § 2254 petition (Doc. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied.  See Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** Petitioner Guerrero's § 2254 petition (Doc. 1).  It is further **RECOMMENDED** that a certificate of

appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.  The

Clerk shall substitute Julie L. Jones as Respondent.

      **IN CHAMBERS** at Tallahassee, Florida, on June 2, 2015.

                        S/  Charles A. Stampelos          
                        **CHARLES A. STAMPELOS**
                        **UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

      **A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**